## PAUL JEFFRIES *v.* THE STATE OF MISSISSIPPI.

|      |     |
|------|-----|
| 74   | 675 |
| s77  | 757 |
| 74   | 675 |
| 79   | 746 |
| 74   | 675 |
| 82   | 196 |
| 74   | 675 |
| d85  | 113 |
| 74   | 675 |
| d87  | 463 |
| 74   | 675 |
| f91  | 229 |

1. JUROR.   *Disqualification.   Opinion of guilt.*

   A juror who has formed and expressed the opinion that defendant, charged with murder, "was not justifiable in killing deceased," is incompetent.

2. SAME.   *Examination.   Code* 1892, § 2355.

   Such a juror, who, on his *voir dire* examination, conceals the facts from the court, is not rendered competent by code 1892, § 2355, and a verdict of guilty found by a jury of which he is a member should be set aside.   The juror must make known the facts, and the court must, under the statute, pass upon his competency.

FROM the circuit court of Marshall county.

HON. EUGENE JOHNSON, Judge.

The facts are sufficiently stated in the opinion of the court.

*R. T. Fant*, for appellant.

The action of the court in regard to the juror, Kilpatrick, was erroneous.   The verdict had been just returned into court, and counsel offered to make affidavit as to what they expected to prove by the absent witnesses, Hargus and Hancock, and asked time to procure the attendance of these witnesses, who lived about thirteen miles from the courthouse.   The court waived the affidavit and declined to grant counsel time within

which to procure attendance· of the witnesses as requested. Simple justice to the defendant required that his counsel be given at least a reasonable time to get the witnesses.

Argued orally by *R. T. Fant*, for appellant, and by Attorney-general *Wiley N. Nash*, for the state.

STOCKDALE, J., delivered the opinion of the court.

Paul Jeffries was convicted of the murder of Denton Odell, at the August, 1896, term of the Marshall county circuit court, and sentenced to imprisonment for life, and appealed his case to this court.

We have made a thorough and careful examination of the case as presented by the record and have given attention to all the assignments of error, but, in view of its graver importance, will consider the fourth assignment first, which is, that ·the court erred in refusing to set aside the verdict of the jury and in refusing to grant the defendant a new trial. Upon the hearing of the motion for a new trial, the defendant's counsel stated to the court that he had had subpœnas issued for William Hargus and John Hancock, returnable instanter, to testify on the hearing of the motion for a new trial; that said witnesses resided about thirteen miles from the courthouse, in Marshall county, and that they were then within the jurisdiction of the court; that, by said witnesses, counsel could prove that the juror, J. L. Kilpatrick, had stated, a short time before the trial of this cause "that this case was a very different case from the case of *State* v. *Moffett* (referring to a case recently tried in Marshall county); that Moffett was justifiable in that case, but Jeffries, the defendant in this case, was not justifiable in killing Odell;" that these were the only witnesses by whom this proof could be made; that counsel knew nothing of this statement on the part of said juror until after the rendition of the verdict; that the juror, Kilpatrick, was fully examined on his *voir dire* and stated, under oath, that he knew nothing of the

facts of the case at bar, had no bias, prejudice or feeling, and could try it impartially. The hearing of the motion for a new trial was in about one hour after the rendition of the verdict, and counsel stated he could not possibly get the said witnesses to the courthouse within that length of time, and asked the court to grant time to get said witnesses, but the court stated that the business of court was now finished, and that he would not hold the court open for that purpose. It was then about 4 o'clock in the afternoon. Counsel for defendant offered to make affidavit as to the facts which he expected to establish by the absent witnesses, or have defendant to do so, but the court stated that he did not consider the matter material, and therefore should not require any affidavit. The court then overruled the motion for a new trial, and sentenced the defendant to imprisonment for life.

The trial judge, in view of the solemn responsibility resting upon him in that last act in the proceedings, where the liberty of a lifetime was involved, must have seriously considered the situation and come to the conclusion that, taking the facts stated by counsel to be true, they were not sufficient to disturb the verdict. We will therefore consider this case as in that attitude—as if an affidavit had been regularly made by the defendant and his counsel in legal form, and filed, setting up in proper shape the facts they could prove, and that the said witnesses had sworn to the utterance by the juror of the words attributed to him, and were uncontradicted.

If Jeffries was not justifiable in killing Odell, he was guilty of murder or manslaughter. He was convicted of murder, and by a juror (so far as his voice went) who had, in effect, pronounced the prisoner guilty before he went into the jury-box to give him a fair and impartial trial.

Section 2355 of the code of 1892 cannot be invoked to cure the evil. That section provides that " any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in a criminal case, notwithstand-

ing the fact that he has an impression or an opinion as to the guilt or innocence of the accused;'' but the statute does not stop there, and no civilized legislature would make a statute stopping there. The balance of the section is: '' If it appear to the satisfaction of the court that he has no bias of feeling or prejudice in the case, and no desire to reach any result in it except that to which the evidence may conduct; but any juror shall be excluded if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error.''

A juror who has an impression or an opinion is not allowed to say himself, under oath, that he is impartial, and then take his seat, but is to be examined by the court and counsel for defendant and the state, and then it is the impression made on the court that determines his competency. And if he cannot try the case impartially, or if he fails to satisfy the court that he can and will try it impartially, he shall be excluded, says the law.

This juror having an opinion, and a very decided one evidently, concealed it from the court and the prisoner, and gave no opportunity for the court to see whether he was a competent juror. Had he informed the court that he had an opinion that the defendant was not justifiable in killing Odell, and submitted himself to open examination, and had adhered to that opinion to the end of the examination, and informed the court that the prisoner whom he was about to try was not justifiable, no court would have allowed him to sit as a juror to try it. It would be no trial so far as that juror was concerned. This case is practically in that attitude, and the prisoner entitled to whatever benefit grows out of it. *Sam* v. *State*, 31 Miss., 484.

This doctrine was announced very early in the history of this state—in *Cady* v. *State*, 4 Miss. (3 How.), 27. In that case a juror, R. J. Patrick, was sworn as a juror and tried the case, and the court say: '' The circuit court ought to have awarded a new trial to the defendant; the juror, R. J. Patrick, was not competent to try the prisoner. . . . He had formed and

expressed an opinion against the prisoner. It will not do to say, in answer to this objection, that his opinion may have been a mere hypothetical one, founded on loose rumor. When examined on his *voir dire* he should have stated the fact, and the court would have been enabled to determine the character of it. He denied that he had expressed an opinion when examined on his *voir dire*, but on a motion for a new trial affidavit was filed stating that the juror had said before the trial that if he should be upon the jury ' he did not think he could clear him (Cady), but should be bound to find him guilty.' " The court closes the case with this sentence: "A due regard to the sanctity of trial by jury, and the constitutional right which has been guaranteed to every man to a trial, in all cases of the kind before the court, by an impartial jury of his country, demanded, as we conceive, a new trial." So, in this case, the juror ought to have stated, on his examination, that he had expressed an opinion, and submitted the question of his competency to the court.

In *Green* v. *State*, 72 Miss., 522, it is held that § 2355, code of 1892, is not violative of the constitution, but that decision gives no countenance to any idea that a juror can pronounce himself impartial and walk into the jury box with a matured opinion in his mind, but must disclose the fact of such an opinion, or the expression of it, to the searching scrutiny of the court, whose duty it is to see that the opinion of the juror is such that will work no harm to the accused, and unless it so appears to the satisfaction of the court the law requires his exclusion from the jury.

In *Mabry* v. *The State*, 71 Miss., 716, it was held that a person who "had an opinion and would not say positively that he could try the case as though he had no opinion," was incompetent. It would be too low an estimate of our great lawmaking department to say that it intended to remove or infringe upon, or contemplated the removal or infringement of, the safeguards of the lives and liberties of the people, by authorizing the trial of accused persons by partial or prejudiced jurors, or

by those who had prejudged the case, but the manifest object of the statute was to avoid the exclusion from juries of men of character, integrity and intelligence, notwithstanding an opinion, provided it appear to the satisfaction of the court that they sufficiently possessed character and honesty to put aside that opinion and try the case as though they had no opinion, and who, by an examination in open court, will convince the court that they will do that. And if the courts perform their duty, there will be no difficulty in securing impartial juries under the present law. But a different condition is presented by the juror, Kilpatrick, in the case at bar. He had come to a conclusion by deliberation, ·by comparing Jeffries' case with that of Moffet, and concluded that Moffet was justifiable and that Jeffries was not justifiable—evidently a matured opinion. A man of intelligence and accurate expression could hardly employ stronger language to express a fixed opinion of another's guilt than to say he is guilty of an unjustifiable homicide or killing.

The codifiers of the laws of 1892 annotated several decisions of this court as bearing upon § 2355: It is the duty of the court to see that a fair, competent and impartial jury is selected to try every case. *Farriday* v. *Selser*, 4 How. (Miss.), 506. To accomplish that great object, he may set aside any juror, whether challenged or not. *Lewis* v. *The State*, 9 Smed. & M., 115; *Williams* v. *The State*, 32 Miss., 389. And the duty is as incumbent on the court to examine into the sufficiency of objections properly made in proper cases to jurors who have tried cases, as those who are about to try them. *McCarty* v. *State*, 26 Miss., 299.

All along the history of our jurisprudence are strong and eloquent admonitions by the great jurists of the state to the courts to preserve the juries of the country spotless and pure to the utmost possibility. A superb public sentiment rigidly imposes that duty on all the courts. There is no power invested with the right to take away the life or the liberty of a citizen. The law prescribes certain rules of action and declares

that their violation shall work the forfeiture of the life or the liberty of the violator, and the only function of the courts in that behalf is to ascertain, by the strict application of the rules of law, whether the accused has, by his own act, forfeited his own life or his liberty and to execute the impartial finding.

It is not worth while to repeat again the oft-repeated ruling of the court that a verdict of a jury embracing one disqualified member cannot be allowed to stand in a case of this sort. There seems to be no room for doubting that the juror, Kilpatrick, was disqualified, and worse than disqualified, if the charges be true. Concealing the fact of his expressed opinion from the court, he caused to be presented to the prisoner a jury with one mind seared by an already matured opinion as to his guilt. We are clearly of opinion that a jury so constituted is not up to the standard required by our laws, and that a due regard for the sanctity of trials involving the life or liberty of citizens, and for the constitutional guarantee of an impartial jury, demands a new trial in this case. Having reached that conclusion on the error of the court below in refusing a new trial, it will not be necessary to pass upon the other assignments.

*The judgment of the court below is reversed, a new trial granted and the cause remanded.*