## PETER EVANS *v.* STATE OF MISSISSIPPI.

### [40 South. Rep., 8.]

1. CRIMINAL LAW.  *Appeal.   Instruction.   Code* 1892, § 1439.   *Capital crime.   Punishment.*

   Under Code 1892, § 1439, providing that where in capital cases the jury find a verdict of guilty they may fix the punishment of the accused at imprisonment in the penitentiary for life, but in case of failure to do so the court shall sentence the accused to suffer death:

   (*a*) An assignment of error cannot be predicated of the refusal of the trial court to compel the state to obtain an instruction touching the penalty, where the record contains no evidence of such refusal save a recital of it as a ground on which defendant based his motion for a new trial; and

   (*b*) It is not error to refuse to compel the state to ask for an instruction informing the jury touching the subject of the penalty where a like one asked for by the accused was given.

2. SAME.  *Jury.   Competency.   Code* 1892, § 2355.   *Opinion.   Rumors.*

   Under Code 1892, § 2355, providing that a person, otherwise competent, who makes oath that he is impartial shall be competent

as a juror in any criminal case, notwithstanding an opinion entertained by him as to the innocence or guilt of the accused, jurors who have an opinion based on rumors which may be removed by evidence, have not talked to witnesses, have no prejudice against accused, and state that they will give him a fair trial on the evidence, uninfluenced by the rumors, are competent.

From the circuit court of, first district, Chickasaw county.

Hon. Eugene O. Sykes, Judge.

Evans, the appellant, was tried for and convicted of murder, and appealed to the supreme court.

Appellant assigned as error the refusal of the trial court to compel the state to instruct the jury on the penalty as provided in Code 1892, § 1439, which is as follows:

"In any case in which the penalty prescribed by law upon the conviction of the accused is death, except in cases otherwise provided, the jury finding a verdict of guilty may fix the punishment at imprisonment for the natural life of the party, and thereupon the court shall sentence him accordingly; but if the jury shall not thus prescribe the punishment, the court shall sentence the party found guilty to suffer death."

Appellant also raises the question of the competency of certain jurors. The *voir dire* examination of these jurors shows that they had no fixed opinion as to the guilt or innocence of the accused; that the opinion which they had formed was based on rumors, and could be removed by evidence; that none of them had talked to witnesses; that none of them had any prejudice against the accused; and all of them testified that they could give him a fair trial on the evidence.

*Ford & Haman,* for appellant.

It is the duty of the court to see that a fair, competent, and impartial jury is selected to try every case, even though it be a civil case. *Ferriday* v. *Selser,* 4 How. (Miss.), 506; *Gilliam* v. *Brown,* 43 Miss., 641.

The trial court conceived the idea that the previous rulings of this court in the cases of *Klyce* v. *State,* 79 Miss., 652 (s.c., 31 South. Rep., 339); *Fugitt* v. *State,* 82 Miss., 159 (s.c., 33 South. Rep., 942), were overruled in the case of *Gammons* v. *State,* 85 Miss., 103 (s.c., 37 South. Rep., 609), and based all his rulings in the impaneling of the jury in this case on that theory, which was clearly wrong.

The court erred in refusing to compel the state, at the request of the defendant, to instruct the jury that if they pronounced the defendant guilty as charged, the death penalty would follow, unless they fixed the punishment at imprisonment in the penitentiary. *Walton* v. *State,* 57 Miss., 533; *Spain* v. *State,* 59 Miss., 19. The Walton case was reversed solely because the court refused to give the jury this instruction properly written. The court decided in that case that it is not enough to instruct the jury as to their power to fix the punishment at imprisonment for life, but that their verdict will be set aside unless they are informed that, if they do not so declare, the sentence will be that of death. To so instruct the jury is a part of the duty of the state, and if the accused requests it, the court should compel the state to give it. To hold otherwise would be to deprive the prisoner of the benefit of that information, which he is entitled to have given to them at the hands of the state. To compel the defendant to secure this information, and present the same to the jury in order to get the benefit of it, would be to impose upon him a burden in the trial. Such an instruction coming from the defendant would have a bad effect upon the mind of the ordinary juror; indeed, it seemed to leave the impression upon the minds of the jury in this case that the defendant was admitting that he was guilty of murder, and, as a last resort, was asking for mercy at the hands of the jury.

*R. V. Fletcher,* assistant attorney-general, for appellee.

All the jurors are competent under the rule laid down in *Gammons* v. *State,* 85 Miss., 103 (s.c., 37 South. Rep., 609).

The guilt of defendant is overwhelmingly established. That he lay in wait and shot his unsuspecting victim is beyond the shadow of a doubt. His own voluntary and oft-repeated statement shows his guilt. His story, as told on the witness stand, is enough to convict him. He had a fair trial, and the judgment should be affirmed.

Calhoon, J., delivered the opinion of the court.

Reversal is asked because, on the request of the accused, the court below refused to compel the state "to instruct the jury that, if they pronounced the defendant guilty as charged, the death penalty would follow unless they fixed the punishment at imprisonment in the penitentiary." This assignment of error cannot prevail, because it appears below only as a ground in the motion for a new trial and without evidence of such refusal. The assignment is futile, also, because the instruction was in fact given at the instance of the accused, and there was no need to give it twice. In *Walton* v. *State,* 57 Miss., 533, reversal was ordered because the court below refused such an instruction asked for by defendant. *Spain* v. *State,* 59 Miss., 19, was reversed because the charge allowed imprisonment on conviction of murder "if the proof warrants," Judge Campbell holding for the court that the power was given the jury by the law and "without any condition." In the case at bar the charge was given properly, according to the law, at defendant's instance, and that is enough. We do not decide that, in any instance, the court should feel required to compel the state to give such a charge, nor do we decide the contrary. If, however, the state undertakes to touch the penalty in an instruction, very clearly it must give the defendant the full benefit of the law as to the discretion of the jury to imprison for life.

In reference to the competency of jurors, there is no proper comparison to be made between this case and that of *Klyce* v. *State,* 79 Miss., 652 (31 South. Rep., 339), where the juror had talked to the witnesses, believed what they said, and had formed

and expressed an opinion on that, which opinion he still held. Nor is this case similar to that of *Jeffries* v. *State,* 74 Miss., 675 (21 South. Rep., 526), or *Shepprie* v. *State,* 79 Miss., 740 (31 South. Rep., 416), in both of which cases the jurors had qualified on their *voir dire,* concealing the fact from the court that they had, just before, expressed decided opinions of the guilt of the accused, of which fact counsel for the accused were in entire ignorance, and so prevented from challenging. In the case at bar, a careful scrutiny of the answers of the jurors shows that the opinions in each case were based on rumor merely, and all say they had no bias of feeling or prejudice, and could give a fair and impartial verdict, without influence of the rumors, thus bringing themselves within Code 1892, § 2355, as construed in *Gammons* v. *State,* 85 Miss., 103 (37 South. Rep., 609).

The confessions were clearly admissible, though they were hardly needed for conviction.

*Affirmed.*