LOUIS DENNIS v. STATE OF MISSISSIPPI.

[44 South., 825.]

CRIMINAL LAW AND PROCEDURE. *Jurors. Bias. Prejudgment of case. New trial. Finding of fact. Evidence. Appeal.*

Where the circuit court, on the hearing of a motion for a new trial, manifestly erred in holding a juror to have been competent, notwithstanding his concealed bias and prejudgment of defendant's case, the supreme court will reverse the finding, although it does not as a general rule disturb the judgment of the trial court on conflicting evidence in such matters.

FROM the circuit court of, second district, Hinds county.

HON. DAVID M. MILLER, Judge.

Dennis, appellant, was indicted and tried for the murder of John T. White, convicted, sentenced to suffer death and appealed to the supreme court.

After the jury found appellant guilty as charged, he made a motion for a new trial, assigning as a ground therefor, that one of the jury, Calebro, was biased against him, the motion touching this point reading as follows:

" (7) One of the jurors, V. C. Calebro, who tried the case, was incompetent as a juror, and was prejudiced against defendant, and had prejudged his case, and had formed and expressed an opinion of the guilt of the defendant before he was accepted as a juror in this case; and in the town of Raymond, before he was accepted on the jury, gave expression to his opinion and prejudice in the following words: 'John White was the best friend I ever had; Louis Dennis, God damn him, ought to be lynched and hung now, and I would help hang him.' Yet this juror, when examined on his *voir dire,* then and there disclaimed having formed or expressed an opinion, and misled the defendant by saying and declaring on his said

examination, that he had no prejudice against the defendant. Moreover, the said Calebro also gave utterance to his prejudice against defendant, before he was accepted on the jury, in that he stated, out in the country near Murphy's store, that 'Louis Dennis ought to be hanged, and that he, himself, was willing to put the rope around Dennis' neck.'

"The prejudice and bias of said juror were unknown to the defendant or his attorneys, and defendant·was entrapped into accepting the said disqualified juror, to defendant's great prejudice."

The trial court overruled the motion.· The opinion of the court further states the facts.

*Williamson, Wells & Peyton,* for appellant.

After conviction, the defendant made a motion for a new trial and assigned among other grounds the fact that Calebro, one of the jurors, who tried the case, had prejudged it unfavorably to defendant, but on his *voir dire* had stated that he had no bias or prejudice against defendant, who at that time was ignorant of the fact that the juror had so prejudged the case. This motion was supported by the affidavit of defendant and each of his counsel. Testimony was taken at length upon the motion and it was proved by seven witnesses that the juror, Calebro, had prejudged the case as stated and that he had upon his *voir dire* misled the defendant and induced him by his favorable answers to accept him.

It is said by CAMPBELL, J., in the case of *Cannon* v. *State,* 57 Miss., 156: "It is well settled that this is good reason for a new trial. We are aware of the vulnerability of verdicts on this ground, and of the danger to which it exposes them, especially at this time"; but the court, in the case cited, reversed the judgment upon this ground alone and it is stated in the opinion that but for this single error it would have been affirmed.

In the case of *Brown* v. *State,* 57 Miss., 424, it is stated that

" the rule requiring impartiality in jurors has been enforced with great strictness in this state," citing *State* v. *Flower,* Walker (Miss.), 318 ; *State* v. *Johnson,* Walker (Miss.), 392 ; *Cody* v. *State,* 3 How. (Miss.), 27 ; *Nae* v. *State,* 4 How. (Miss.), 330 ; *King* v. *State,* 5 How. (Miss.), 730 ; *Lewis* v. *State,* 9 Smed. & M. (Miss.), 115 ; *Nelms* v. *State,* 13 Smed. & M. (Miss.), 500 ; *Sam* v. *State,* 31 Miss., 480 ; *Williams* v. *State,* 32 Miss., 602 ; *Alfred* v. *State,* 37 Miss., 296 ; *Williams* v. *State,* 37 Miss., 407 ; *George* v. *State,* 39 Miss., 570 ; *Josephine* v. *State,* 39 Miss., 613.

It is the intention of the law that a juror shall come to the consideration of the case unaffected by any previous judgment, opinion or bias, either as respects the parties or subject matter of the controversy. This cannot be, if a juror has a fixed and settled opinion on the subject matter in controversy.

Much more is the rule to be invoked in a case like this, where the defendant has exhausted all the challenges allowed him by law and where he is placed at the mercy of the juror who has answered falsely on his *voir dire.* In the *Brown case, supra,* the court held that in order to avail of the incompetency of a juror it was not necessary that all peremptory challenges should have been used. In the instant case all peremptory challenges were exhausted by defendant before the jury was fully empaneled.

In the case of *Fugate* v. *State,* 82 Miss., 189, it is said : " As said by this court speaking through Justice Stockdale in *Jeffries* v. *State,* 74 Miss., 677, it would be placing too low an estimate upon the law-making power to say that it intended to remove or infringe upon the safeguards of the lives and liberties of the people to authorize the trial of one charged with crime by a partial or prejudiced jury."

The case of *Jeffries* v. *State,* 74 Miss., 677, is peculiarly applicable to this case at bar. In that case it is said : " All along the history of our jurisprudence are strong and eloquent admonitions by the great jurists of the state to the courts, to

preserve the juries of the country spotless and pure to the utmost possibility. A superb public sentiment rigidly imposes that duty on all the courts. There is no power invested with the right to take away the life or liberty of a citizen. The law prescribes certain rules of action and declares that their violation shall work the forfeiture of the life or liberty of the violator, and the only function of the courts in that behalf is to ascertain, by the strict application of the rule of law, whether the accused has, by his own act, forfeited his own life or his liberty, and to execute the impartial finding. It is not worth while to repeat again the oft repeated ruling of this court that a verdict of a jury embracing one disqualified member, cannot be allowed to stand in a case of this sort."

The case of *Shepprie* v. *State,* 79 Miss., 740, is also to the same effect.

*W. J. Croon,* on the same side.

The testimony, on the motion for a new trial, showed that the juror, Calebro, had not only prejudged this case before the trial, but also that he had the most bitter feeling toward appellant. He had, in a conversation with the father-in-law of the deceased, stated, " I will do the best I can for the dead man." After the death of the deceased, and prior to the trial, Calebro expressed to different persons his past intimate friendship for the deceased, and his intense prejudice against appellant. By the testimony of many reputable citizens of the county, he is shown to have stated shortly after the homicide that the appellant had killed his best friend, and that appellant should be mobbed or hanged, and that if he should get upon the jury he would hang him, and would put a rope around his neck. Yet this juror, on his *voir dire,* falsely stated that he would render a true verdict. Both appellant and his counsel were ignorant that Calebro was prejudiced against appellant in any way, and relied upon the false answer of Calebro on his *voir dire,* that he had no desire to arrive at any other verdict

than such verdict as should rightfully result under the law and evidence.

This juror was clearly incompetent, and his incompetency so tainted the verdict against appellant, that it should have been set aside, on the proof shown, on appellant's motion for a new trial.   *Cannon* v. *State,* 57 Miss., 147; *Cody* v. *State,* 3 How. (Miss.), 27; *Sam* v. *State,* 31 Miss., 480; *Frank* v. *State,* 39 Miss., 705.

*Geo. Butler,* assistant attorney-general, for appellee.

Did the facts, shown on the motion for a new trial, demonstrate that the juror, Calebro, had prejudged the appellant's cause, and did he become thereby incompetent? It is impossible to lay down any definite and fixed rules for the guidance of the courts' as to what will and will not disqualify a juror, as to whose competency the sole question is, whether he had prejudged his case, when on his *voir dire* he distinctly states that he is able to render a true verdict according to the law and evidence.

In the case of *Cannon* v. *State,* 57 Miss., 144, this court said, " If the court below had disbelieved the evidence of the charge that the juror had prejudged the cause, we should concur and affirm the judgment on this point; but instead of that, the bill of exceptions shows that the circuit judge expressly stated that he assumed as true that the juror had expressed an opinion of the case unfavorable to the accused."

In the case at bar, Calebro emphatically denied, on the motion for a new trial, that he had ever expressed any opinion, or that he had made the remarks charged, concerning the appellant. And it will be noted that at least two of the witnesses, introduced by appellant on the motion for a new trial, were unworthy of belief, inasmuch as their reputation for veracity was shown, by state's witnesses, to be bad in the community in which they lived.

In the cases of *Cannon* v. *State,* 57 Miss., 144; *Jeffries* v.

*State,* 74 Miss., 675; *Shepprie* v. *State,* 79 Miss., 740, the statements made by different jurors were shown to have been believed by the court, were admitted to be true or uncontradicted, and the juror, in each of the three cases cited, had talked with an eyewitness, whose influence was most evident upon him. In the case now before the court Calebro had talked to· no witness, knew nothing of the facts, had no opinion, and there is a sharp conflict in the evidence, as to whether he made the statements attributed to him. The court below thought that he did not make such statements, and the finding of the lower court on this point should be conclusive. *Lipscomb* v. *State,* 76 Miss., 256; *Schrader* v. *State,* 84 Miss., 593.

*R. N. Miller,* on the same side.

It will be noted, that on the examination of the juror, Calebro, touching his qualifications as a juror, he was not asked either by the court or by counsel, if he had formed or expressed any opinion, but was merely asked, whether he had any feeling in the case, and whether he could try the case freely and impartially under the law and the evidence. His answers to these questions were in the affirmative.

While it is true, that there was some testimony to show that the juror, had expressed opinions about appellant prior to the trial, the testimony was of witnesses who were very friendly to appellant, and who doubtless were extremely desirous that he should be given a new trial. Of these witnesses, one was a morphine fiend, another was shown to be utterly irresponsible, and several were of close kin to appellant.

This court has repeatedly held that the failure to ask a juror on his *voir dire,* whether he had formed or expressed an opinion of the guilt of accused, or of the case, is a waiver of objection to him, if full opportunity were given for the interrogation by the accused. *George* v. *State,* 39 Miss., 570; *Williams* v. *State,* 37 Miss., 407; *Frank* v. *State,* 39 Miss., 705.

This court in the *Lipscomb case,* 76 Miss., 256, said: " The

great weight of authority if not the entire current of authority is to the effect that the finding of the court of original jurisdiction on the question we are now considering, denying a new trial, will not be disturbed where the evidence touching the competency and integrity of a juror is conflicting."

Argued orally by *Wiley J. Croom,* for appellant, and by *R. N. Miller* and *George Butler,* assistant attorney-general, for appellee.

MAYES, J., delivered the opinion in the case.

Louis Dennis was indicted in the second district of Hinds county for the murder of John White in the town of Raymond on the 25th day of February, 1905. Dennis was convicted and sentenced to be hanged. We do not deem it necessary to go at length into the discussion of the testimony, since the settlement of the case is to depend on the competency of the juror Calebro. It is a close question on the facts as to whether or not Dennis was guilty of the grave crime of murder.

On the motion for a new trial it was alleged that one Calebro, a juror who had tried the case, was incompetent because he was prejudiced against the defendant. It is also alleged in the motion that the juror Calebro had prejudged the case, that he had expressed it as his opinion that Dennis was guilty of the murder of John T. White, that John T. White was the best friend that he (Calebro) had ever had, and that he would be willing to help hang him. It is stated in the motion for a new trial that Calebro made these statements before he was accepted as a juror, that neither the defendant nor his attorneys knew anything about it, and that the defense was entrapped into the acceptance of this juror. This motion is accompanied by the affidavit of Dennis himself, and the affidavit of all his attorneys, that they were ignorant of the matters set forth in their affidavit until long after Calebro had been accepted as a juror. In support of this motion counsel for Dennis introduced the testimony of Calebro when being examined by the court on his *voir dire.*

In this examination he stated to the court that he knew nothing about the case, that he had no desire to reach any verdict other than that to which the law and evidence would lead him, that he could give the defendant a fair and impartial trial, and that he had no doubt of his ability to do this. . The record shows that he was not asked, either by the court or counsel, whether he had previously formed or expressed an opinion about the case; but he was asked whether he knew anything about the case, and whether or not he could give the defendant a fair and impartial trial, and he gave satisfactory answers· to both questions, disclosing nothing that would unfit him for jury service at this trial. In further support of this motion, the defense introduced eight witnesses, all of whom testify, in substance, that long ·before the trial of Dennis they had heard Calebro say that Dennis ought to be caught, that he had killed the best friend that he (Calebro) ever had, and that he could help hang him. It is further testified to that Calebro stated that, if he had anything to do with the case, Dennis should hang, and that ·the man that killed John T. White ought to be hung; that he would like to sit on the Dennis jury, and, if he did, he would hang Dennis. The above shows the character of testimony introduced .on behalf of Dennis to show the disqualification of Calebro. Calebro was introduced by the state, and denied that he had made any such statement as the witnesses had testified that he had made, and there was an attempt by the state to break the force of the testimony introduced in support of the motion, by impeaching some of the witnesses; but we think that the testimony failed to do this. After hearing the motion and all the evidence, the learned circuit judge overruled the motion.

Counsel for the state contend that because the direct question was not asked Calebro, when being examined on his *voir dire,* as to whether or not he had formed or expressed an opinion as to the guilt or innocence of Dennis, therefore the right to object after verdict was waived. In support of this proposition counsel cite several cases. Waiving the question as to the applica-

tion of these authorities to the case of the alleged disqualification of a juror for reasons of incompetency which contravene a constitutional guaranty to the accused that he shall be tried by a fair and impartial jury, we say that the authorities cited by counsel in *George's case,* 39 Miss., 570; *William's case,* 37 Miss., 407, and *Frank's case,* 39 Miss., 705, have no application, because the juror was asked those questions which are tantamount to being asked whether or not he had previously formed or expressed an opinion of the case.   If Calebro had said the things in reference to the trial and guilt of Dennis attributed to him by the witnesses introduced in support of the motion, he could not have answered the questions of the court truthfully without disclosing the fact that he was not impartial and that he had previously formed and expressed an opinion of a character that would have disqualified him both under the Constitution and statute.   The court will be liberal in its interpretation of language used by a juror which tends to show bias, when the object is to show a juror disqualified on account of facts showing prejudice, to the end that an impartial jury may be secured. This court will not lightly interfere with the finding of fact made by the trial judge on a question such as is involved in this case.   That it is the duty of the court to reverse the lower court in its finding of fact whenever it is satisfied that the lower court has erred in holding a juror competent, when this court is clearly of the opinion that he was not a competent juror, cannot be questioned. *Jeffries* v. *State,* 74 Miss., 675; 21 South., 526; *Shepprie* v. *State,* 79 Miss., 740; 31 South., 416.

The right to a trial by an impartial jury, when being prosecuted for crime, is secured by § 26, of the Constitution.   No more sacred duty can devolve on any court than the duty of seeing to it that this provision of the Constitution receive a strict enforcement.   In the light of this record, we are overwhelmed by the fact that Dennis did not get that trial by an impartial jury that was secured to him by the Constitution. We notice no other assignments of error in the record.

*Reversed and remanded.*