HALE *v.* STATE.

(Division B.   April 6, 1931.)

[133 So. 211.   No. 29253.]

Fred B. Smith, of Ripley, for appellant.

Hubert D. Stephens, of New Albany, for appellant.

Albert L. Ingle, and Hubert D. Stephens, of New Albany, for appellant.

Edwin R. Holmes, Assistant Attorney-General, for the state.

Argued orally by Hubert D. Stephens and Fred B. Smith, for appellant, and by Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

Griffith, J., delivered the opinion of the court.

Three witnesses testified positively that the juror Sloan had, before the trial, expressed a positive and definite opinion of the guilt of the accused, and had used strong language in thus expressing his opinion. These witnesses were near neighbors and friends of the said juror, one of them being his first cousin. They had no personal interest in the accused, and were barely acquainted with him. These witnesses appear to be men of character, and since all the circumstances would indicate that they would have preferred to favor the juror rather than the accused, the testimony on this point, on the motion for a new trial, was of such strength and convincing force, as compared with several equivocal responses made by the juror when examined under the motion, that the sustaining of the motion on the facts would seem inevitable. Brown v. State, 57 Miss. 424; Jeffries v. State, 74 Miss. 675, 21 So. 526; Klyce v. State, 79 Miss. 652, 31 So. 339; Shepprie v. State, 79 Miss. 740, 31 So. 416; Dennis v. State, 91 Miss. 221, 44 So. 825; Jones v. State, 97 Miss. 270, 52 So. 791; Martin v. State, 98 Miss. 682, 54 So. 148; Darby v. State, 128 Miss. 438, 91 So. 37. Compare Green v. State, 72 Miss. 522, 17 So. 381; Schrader v. State, 84 Miss. 593, 36 So. 385; Harris v. State, 135 Miss. 171, 99 So. 754.

But the court, in overruling the motion for a new trial, dictated into the record the following statement: "I don't think under the state of this proof that I am called upon to pass on the truth and veracity of any witness. I don't think the proof produced is sufficient to warrant the court in sustaining this motion; therefore the motion is overruled." We apply to this action of the court the principle of adjudication announced in the Jeffries case, 74 Miss. 675, 677, 21 So. 526, namely, we must assume that the trial court must have come to the conclusion that, taking the facts as stated by the witnesses introduced in support of the motion to be true, they were not sufficient to disturb the verdict; and we

must consider the case here as in that attitude.' So considered, and taking the facts hereinbefore stated as true, it follows clearly that the court was in error in overruling the motion for a new trial. The constitutional guaranty of an impartial jury is enforced with strictness in this state, as is disclosed by an examination of the many cases hereinabove cited—and this without regard to the facts of the case on the merits. There is nothing new that we may. add to the consistent and forceful expressions of this court on this subject for a long course of years; so that we have only to follow previous decisions and order a new trial.

Reversed and remanded.