# Wytheville.

## WEBSTER v. COMMONWEALTH.

### June 23d, 1892.

LIQUOR—*Selling without license—Local option.*—In a county where the "local-option law" (Code 1887, ch. 25) has been adopted, the sale of liquor without license is none the less liable to prosecution as a violation of the general revenue laws.

Error to judgment of the circuit court of Montgomery county, affirming a judgment of the county court of said county, whereby, at its September term, 1891, the plaintiff in error, Joshua Webster, was fined $100, and sentenced to be confined in the county jail for the period of one month. Opinion states the case.

*C. A. Heermans*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

At the July term, 1891, of the county court of Montgomery county the plaintiff in error was indicted for selling ardent spirits and liquors by retail, not to be drunk where sold, in the town of Christiansburg, in Christiansburg magisterial district of said county, he, the said Joshua Webster, not then and there having a license to sell the same according to law.

At the September term, 1891, of the said court the accused was tried and found guilty by a jury, who assessed his fine at one hundred dollars; whereupon the accused moved the court

to set aside the verdict and grant him a new trial; which motion the court overruled, and adjudged that the commonwealth recover of the defendant, Joshua Webster, one hundred dollars for fine, and her costs, and that the said Joshua Webster be confined in the county jail of this county for the term of one month.

From this judgment of the county court of Montgomery county the case was carried, by writ of error, to the circuit court of the said county, which, by its judgment, on the 5th day of December, 1891, affirmed the judgment of the county court aforesaid.

The case is brought to this court by a writ of error to the judgment of the circuit court.

There was a demurrer to the indictment, on the ground that it was for a violation of section 1, chapter 2, of acts of assembly, 1889–'90, p. 242, known as the tax or revenue law, while the county of Montgomery is (alleged to be) under the local-option law (chapter 25, Code of 1887). The court properly overruled this demurrer. There was a motion to set aside the verdict and grant a new trial, because the verdict was contrary to the law and the evidence; which motion the court overruled. The facts are certified, and the proof is positive and complete that the plaintiff in error did violate the express law, as charged in the indictment; and the court did not err in overruling the motion to set the verdict aside.

There is no error in the judgment of the circuit court, affirming the judgment of the county court of Montgomery county; and our judgment is to affirm the same.

JUDGMENT AFFIRMED.