Syllabus.

# Richmond.

## Fletcher v. Commonwealth.

### January 17, 1907.

1. Intoxicating Liquors—*Unlawful Sale—Local Option District—Revenue Laws—Jurisdiction of Circuit Courts.*—Under section 4106 of the Code (1904), giving circuit courts for counties concurrent jurisdiction with justices of the peace of all cases of violation of the revenue laws of the state, such circuit courts have jurisdiction over indictments for unlawfully selling intoxicating liquors, although the sale took place in a local option district in which no license could be granted, and the sale was also a violation of the local option law. An indictment charging that the defendant did "unlawfully sell and deliver intoxicating liquors" sufficiently charges a violation of the revenue laws within the meaning of said section.

2. Indictment—*Unlawful Sale of Intoxicating Liquors—Name of Purchaser.*—An indictment for unlawfully selling intoxicating liquors need not name the person to whom the liquor was sold.

3. Indictment—*Unlawful Sale of Intoxicating Liquors—How Charged.* Under the revenue laws, which forbid the sale without license of "ardent spirts," or any mixture thereof, and which declares that "all mixtures, preparations and · liquors (except pure apple cider) which will produce intoxication, shall be deemed ardent spirits," an indictment is sufficient which charges that the defendant "did unlawfully sell and deliver intoxicating liquors and mixtures thereof," as the acts charged in the indictment cannot be true and the defendant, at the same time, innocent of the offense described in the statute.

4. Criminal Law—*Jury—Prior Service in Similar Cases at Same Term.* Where there is no evidence to show that the accused was not tried by an impartial jury, the mere fact that members of the same panel which tried the defendant for unlawfully selling intoxicating liquors had, at the same term of the court, tried similar cases, proved by the same witnesses who testified against the defendant, does not of itself constitute error.

5. Instructions.—Instructions are to be interpreted in the light of the evidence, and if, taken as a whole, they correctly propound the

law, and are such that the jury could not have been misled to the prejudice of the accused, a verdict against him will not be set aside, at his instance, on account of objections to the instructions.

6. New Trial—*Excessive Verdict.*—A verdict finding accused guilty on each of sixteen counts of an indictment for unlawfully selling intoxicating liquors, and imposing a fine of $200.00 for each offense will not be set aside as excessive. If the penalty for a single offense was proper, the accused cannot complain of a large aggregate resulting from his continued and flagrant criminal misconduct.

7. Appeal and Error—*Objections in Trial Court.—Assignments Here.*—Although there was a demurrer in the trial court to an indictment as a whole and to each of the sixteen counts thereof, this court will consider only the demurrer to the counts relied on here.

Error to a judgment of the Circuit Court of Warren county imposing a fine upon plaintiff in error for the unlawful sale of intoxicating liquors.

*Affirmed.*

Upon the trial of this case, the court, on the motion of the attorney for the Commonwealth, instructed the jury as follows:

"The court instructs the jury that the place of sale is where the contract of purchase is made, the goods delivered and the purchase price paid."

In explanation of the instruction above granted, as applicable to orders, the court addressed the following oral remarks to the jury:

"It would be perfectly valid, gentlemen, for a man to send an order to Winchester, or any other point, and there buy liquor with the money so sent, or by an agent sent there. There the contract would be completed by the dealer and the agent in Winchester, we will say, and the money paid there. The goods would be delivered there to the agent and by him brought back here; that would be a valid contract. It would be an invalid contract for a man to say he will take an order for whiskey at a certain price and then for him to go to Winchester and buy it

at any price he pleases—perhaps by the gallon, or at a reduced rate—and bring that whiskey here to Front Royal and deliver it at a price that was agreed on here. In that case the contract made by the man in Winchester would not be the contract with the agent and the purchaser. It is simply a sale by the man in Winchester himself. He getting it at a price there, and making the best terms possible, and then bringing it here and selling it at a price to be agreed upon with the purchaser. Now that would be an invalid sale.

"It would be further an invalid sale if the man who sold it here represented the seller in Winchester—if he made a contract here to sell whiskey at a certain price to a man in the magisterial district of Front Royal, representing the dealer in Winchester, and then brought the goods here nad collected his money here—why, that's a sale, and it is contrary to law.

"The only sale that would be valid is where a man undertakes to send an agent to the city of Winchester, or to a point outside of the magisterial district, and there makes a contract for the purchase, the price fixed there, and the goods delivered to the agent there, and brought back. And you can consider in this connection whether the sale was made here, was the whiskey brought here and the price fixed at the point of delivery. If the whiskey was bought in Winchester, then the purchaser would have to pay for the transportation of the liquor to Front Royal magisterial district.

"If the purchase was made by the man in Winchester on a contract of his own and then he brought it here and sold it at a price agreed on here and delivered the goods here, that would be an invalid sale; because the sale is here, and the man is here, and it is entirely a different contract. The man here would be entitled to the price of the liquor in Winchester, if it is his contract in Winchester; on the other hand, if the man here represented the dealer in Winchester, and brought his goods here and made his contract here, then it is an invalid sale, and comes under the definition I have given."

And the court further instructed the jury orally in reference to the testimony admitted of sales made by others than defendant personally, in the following words:

"In order to convict you must believe that, where the sale was not made personally by the defendant, the sale was authorized by him or that he in some way participated in it. For instance, was made by his clerk, or made by someone other than himself in his employ, and you must believe that it was under his general or special authority the transaction was made or that he participated in the profits of it or in the general business."

The court further offered to instruct the jury that in order to convict it was necessary for the commonwealth to prove the guilt of the defendant beyond all reasonable doubt, and every fact necessary to establish his guilt, but the attorney for the defendant stated to the court that no instruction on the burden of proof was necessary or desired, and none was given.

*Byrd & Forsythe,* for the plaintiff in error.

*Attorney-General William A. Anderson,* for the Commonwealth.

KEITH, P., delivered the opinion of the Court.

An indictment was found against Byrd Fletcher in the Circuit Court of Warren county, at its September term, 1905, charging that he "within twelve months last past, in Front Royal Magisterial District, in said county of Warren, Va., did unlawfully sell and deliver intoxicating liquors to I. A. Buck, to-wit, one pint whiskey for fifty cents, against the peace and dignity of the Commonwealth of Virginia." The first fifteen counts are identical in form and substance, except that a different vendee is stated in each one of the counts. The sixteenth count charges that "Byrd Fletcher, within twelve months last past, in said Front Royal Magisterial District, in said county of Warren, did unlawfully sell and deliver intoxicating liquors and mixtures thereof, against the peace and dignity of the Common-

wealth of Virginia." This count only differs from those which precede it in that it fails to state the name of the person to whom the intoxicating liquors were charged to have been unlawfully sold.

The jury found Fletcher guilty on each of the sixteen counts, and imposed a fine of $200 for each offense, making an aggregate of $3,200; upon which the Circuit Court gave judgment, and that judgment is now before us for review.

The first error assigned is as to the jurisdiction of the court, the contention being that the indictment was for violation of a local option law and not the revenue law, and therefore does not fall within the exceptions contained in section 4106 Virginia Code (1904).

That section provides: "The several police justices and justices of the peace, in addition to the jurisdiction exercised by them as conservators of the peace, shall have concurrent jurisdiction with the circuit courts of the counties and the corporation or hustings courts of the corporations of the state in all cases of violations of the revenue and election laws of the state, and of offenses arising under the provisions of chapter 187 [and] of sections 3801, 3802, 3803, 3804 of the Code of Virginia; and except when it is otherwise specially provided, shall have exclusive original jurisdiction for the trial of all other misdemeanor cases occurring within their jurisdiction in their respective magisterial districts, in all which cases the punishment may be the same as the circuit courts of the counties and the corporation or hustings courts of the corporations are authorized to impose."

The precise contention here is that the indictment does not charge a violation of the revenue laws of the state, within the meaning of this section, but that the offense charged is a violation of the local option law.

The indictment charges the unlawful selling of intoxicating liquors, and the situs of the offense charged appears to have been in a local option district, in which no license to sell liquor

could be lawfully obtained, and in which, therefore, liquor· could not be lawfully sold.

We do not perceive that the character and nature of the offense charged is affected by the fact that it was committed in. a local option district. The charge is that the defendant did "unlawfully sell and deliver intoxicating liquors." If he did it unlawfully, whether with or without a license, he was guilty of an offense against the law. That he also violated the local option law can have no influence upon the nature of the act. *Webster's Case,* 89 Va. 154, 15 S. E. 513. He has done that which the law says he shall not do without having first obtained a license, and it does not lie in his mouth to say: "It is true I did not have a license, but the act was committed in a local option district where it was impossible under the law to obtain. a license."

It was forcibly urged by the Attorney-General that no reason of public policy can be suggested why the court should be given jurisdiction of the offense of unlawful sale of intoxicating· liquors where the sale takes place in a district where such traffic may be licensed and denied such jurisdiction where committed in local option territory, and we concur with him in the view expressed that the unlawful sale of liquor in a local option district is "a more serious offense, more injurious to public morals, and a graver infraction of civic duty than a sale in a license district without a license, for it is both a violation of the revenue law (that is, it is the conduct of a business free from any burden of taxation, which can be legally conducted only upon paying the· taxes imposed upon it, and which others lawfully engaged in it pay), and it is a sale also in flagrant defiance of the law, sanctioned by the votes of a majority of the qualified voters of the· community which prohibits any such traffic, and not only makes it illegal but criminal."

We are of opinion that the offense against the Commonwealth here charged consists in the unlawful sale of intoxicating liquors; that it is none the less a violation of the revenue laws

of the Commonwealth because it happens that the offense charged was committed in a local option district; and it follows, therefore, that the Circuit Court has concurrent jurisdiction with the justices of the peace for the trial of such offenses.

The second error assigned is that the court overruled the demurrer to the sixteenth count of the indictment. The first objection made to that count is that it contains no averment of the person to whom the alleged sale was made.

No such averment is necessary. The gist of the offense is the unlawful sale, and the name of the person to whom it was made is immaterial.

In *Dove's Case,* 2 Va. Cas. 26, the syllabus states the law as follows: "It is not necessary in an information for retailing spiritous liquors without a license to name the persons to whom the liquors were sold." And this decision was followed in *Hulstead's Case,* 5 Leigh 724, where it was held that an indictment need not name the person to whom the liquor was sold; and to the same effect is *Commonwealth* v. *Smith,* 1 Gratt. 553.

The second objection to the sixteenth count is that it does not sufficiently charge the offense in the language of the statute.

The local option law (Virginia Code, 1904, section 587) forbids the selling of "any wine, spiritous or malt liquors, or any mixture thereof." Section 141 of the Revenue Law (Acts 1904, page 42), forbids the sale without a license of "wine, ardent spirits, malt liquors, or any mixture thereof, alcoholic bitters, bitters containng alcohol, or fruit preserved in ardent spirits"; and further provides that "all mixtures, preparations and liquors (except pure apple cider) which will produce intoxication, shall be deemed ardent spirits within the meaning of this section." Now the averment of the sixteenth count is that the accused "did unlawfully sell and deliver intoxicating liquors and mixtures thereof" within said magisterial district, within twelve months last past, and this we think answers the test established in *Young's Case,* 15 Gratt. 664, that "it is generally proper and safest to describe the offense in the very terms used

by the statute for the purpose. But it is sufficient to use in the indictment such terms of · description as that, if true, the accused must of necessity be guilty of the offense described in the statute. If the indictment may be true, and still the accused may not be guilty of the offense described in the statute, the indictment is insufficient."

The revenue law first gives an enumeration of the articles the sale of which is forbidden, naming among them "ardent spirits"; it then gives a definition of ardent spirits, as embracing "All mixtures, preparations and liquors (except pure apple cider) which will produce intoxication." The indictment uses the generic term "intoxicating liquors and mixtures thereof," which, interpreted by the statute, embraces all mixtures, preparations and liquors (pure apple cider excepted) which will produce intoxication; so that we apprehend that it is impossible for the acts charged in the indictment to be true and the defendant be at the same time guiltless of the offense described in the statute.

It is charged as error that the court compelled the accused to be tried by a jury, members of which had sat in several cases against other parties, which were tried at the same term of court.

There is noted in the record an exception taken to the ruling of the court upon this point, but it does not appear to have been preserved by any proper bill of exception. It would not have availed the plaintiff in error if such had been the case, for there is nothing whatever to show that he was not tried by an impartial jury, and the mere fact that members of the panel had at the same term of the court tried similar cases proved by the same witnesses who testified against him does not of itself constitute error.

Objection is taken to the instructions given by the court. Those instructions must be interpreted in the light of the evidence. Plaintiff in error was the proprietor of a livery stable in the town of Front Royal, and operated a line of coaches be-

tween that town and the city of Winchester. The liquor charged to have been sold was always delivered at the livery stable in Front Royal; and one question in the case was as to where the contract of sale was made—whether it took place in the city of Winchester or in the town of Front Royal—and it was to guide the jury in the determination of that question that the instructions in the case were given.

Taken as a whole, we think the instructions of the court correctly expounded the law, and could not have misled the jury to the prejudice of plaintiff in error.

It appears further that the court offered to instruct the jury that it was necessary for the Commonwealth to prove the defendant guilty beyond all reasonable doubt, and every fact necessary to establish his guilt; but the attorney for the defendant stated to the court that no such instruction to the jury on the burden of proof was necessary or desired, and therefore none was given.

Another error assigned is that the court refused to set aside the verdict as contrary to the law and the evidence.

The evidence is sufficient to warrant the verdict of the jury. It tends to prove a systematic violation of the law, and leaves no doubt upon the mind that the accused, in person and by his agents, was guilty of almost innumerable offenses against the law.

It is insisted also that the fine imposed was excessive. Plaintiff in error was indicted for sixteen distinct offenses. He was found guilty of them all, and a fine of $200 for each offense was imposed. We are unable to say that $200 is an unreasonable and excessive punishment for each one of the offenses charged. The aggregate is large because plaintiff in error was an habitual lawbreaker, and if the penalty imposed for each offense was proper plaintiff in error cannot be heard to complain of the aggregate, which resulted from his continued and flagrant criminal misconduct.

In the Circuit Court there was a demurrer to the indictment

as a whole, and to each count thereof, but in this court only the demurrer to the sixteenth count was relied upon, and therefore that alone is considered in the opinion. The authorities, however, are abundant to maintain the indictment in its entirety.

Upon the whole case we are of opinion that there is no error in the judgment of the Circuit Court, and it is affirmed.

*Affirmed.*