JAMES M. MURPHY *v.* STATE OF MISSISSIPPI.

[45 South., 865.]

CRIMINAL LAW AND PROCEDURE. *Juries. Competency. Opinion. Code* 1906, § 2685.

Under Code 1906, § 2685, providing that a person, otherwise competent, who makes oath that he is impartial in the case, shall be competent as a juror in a criminal case, although he has an opinion as to defendant's guilt, if it appear to the court that he has no bias nor feeling nor prejudice in the case and no desire to reach any result except that to which the evidence may conduct, if a proffered juror from what he has heard and read, has a fixed opinion touching the guilt or innocence of the accused which would take strong evidence to remove, he is incompetent, although he affirm that he is not interested and, if accepted, will be governed by the law and the evidence as presented.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Murphy, appellant, was indicted for the murder of Joseph

Hagan, was tried and convicted of manslaughter and appealed to the supreme court, where the conviction was reviewed and a new trial granted. On a second trial appellant was again convicted of manslaughter, sentenced to the penitentiary for eight years; and appealed a second time to the supreme court.

The facts are stated in *Murphy* v. *State,* 89 Miss., 827, 42 South., 877. The appellant now assigns for error the action of the circuit court in refusing to sustain his challenge for cause of a proffered juror, Dixon, and thus compelling him to challenge Dixon peremptorily thereby exhausting the peremptory challenges allowed him by law.

The *voir dire* examination of the juror was as follows:

"Q. (By Mr. Barnett of counsel for the appellant, Murphy) You have an opinion now? A. Yes, sir.

Q. Did you ever express that opinion? A. Yes, sir; I think I have.

Q. Will it take evidence to remove that opinion? A. Yes, sir.

Q. Would that evidence have to be strong or weak? A. It would have to be strong enough to convince.

Q. In other words, the opnion which you have is a fixed opinion? A. Yes, sir.

Q. (By the court.) From what source did you get the opinion? A. From what I have heard and read.

Q. Did you ever talk to any of the witnesses? A. Not that I know of.

Q. The court wants to know if you can put that opinion aside and try the case just as if you never heard of it, fairly and impartially for both sides? A. I think I could.

Q. Would you do that? A. Yes, sir.

Q. No doubt about that on your mind? A. No, sir.

Q. You would take the evidence as you heard it? A. Yes, sir.

Q. (by Mr. Barnett). But you would start in with that opinion on your mind? A. Yes, sir.

Q. It would take strong evidence to remove that opinion? A. Yes, sir."

"Q. (by the court). Have you any bias or prejudice one way or the other in this case? A. No, sir; I am not interested in it at all.

Q. You state now to the court that you would just put any opinion aside you have formed and be governed by the law and the evidence? A. I think I could be governed by the evidence.

Q. And the law as given by the court? A. Yes, sir; I would be governed by the evidence and the law as presented to me by the court."

The defense challenged this juror for cause. Challenge overruled, and the defense excepted. The defense then challenged the juror peremptorily.

Code 1906, § 2685, referred to in the opinion, is as follows: "*Opinion not to render incompetent in a criminal case, when.* —Any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in any criminal case, notwithstanding the fact that he has an impression or an opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias, feeling or prejudice in the case, and no desire to reach any result in it, except that to which the evidence may conduct; but any juror shall be excluded, if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error."

*Barnett & Perrin,* for appellant.

The juror, Dixon, stated on his *voir dire* that he had not only formed, but had also expressed, an opinion as to the guilt or innocence of appellant, and that his opinion was a fixed one which would require strong evidence to remove. It is true that he stated to the court that he could put such opinion aside and try the case fairly and impartially, yet he immediately afterward, in answer to an inquiry propounded by counsel for ap-

pellant, stated that he would enter upon the trial with this opinion as to the guilt or innocence of appellant in his mind, and that it would take strong evidence to remove it. Certainly appellant should not have been forced to expend his last peremptory challenge upon this juror. *Fugate* v. *State,* 82 Miss., 189, 33 South., 942.

This juror did not belong to the class mentioned in Code 1906, § 2685. The language of the code section refers to jurors "otherwise competent," who may have an "impression or opinion of the guilt or innocence of the accused," a very different thing from a "fixed opinion" which could be changed only by "strong evidence." To hold the juror, Dixon, competent would be to nullify appellant's constitutional rights and seriously endanger the fairness of the trial. "A defendant is never called upon to produce strong evidence of his innocence, but he has answered the law's demand when there arises out of the evidence, or from lack of evidence, a reasonable doubt of his guilt." *Fugate* v. *State,* 82 Miss., 189, 33 South., 942.

This court has held that a venire-man who testifies on his *voir dire* that he had heard witnesses for the state talk about the case, and believes what they told him, and has formed and expressed an opinion which he still retains, and which, he supposes, would require testimony to remove, is incompetent as a juror, under constitution of 1890, sec. 26, guaranteeing a trial by an impartial jury, although he further testifies that what he had heard will not prevent him from rendering a fair and impartial verdict, and such a venire-man is not within Code 1892, § 2355 (Code 1906, § 2685), providing that any person, otherwise competent, who will make oath that he is impartial, shall be competent as a juror in a criminal case, although he has an impression or opinion as to the guilt of the accused, if he has no bias nor prejudice, and no desire to reach any result except that to which the evidence may conduct. *Klyce* v. *State,* 79 Miss., 652, 31 South., 339.

Certainly from his own utterances the juror, Dixon, had the

fixed opinion which disqualifies for jury service, and which this court has described as "of such a firm and fixed nature that it engenders in the mind that pride of opinion which causes one involuntarily and innocently, it may be, to combat and doubt testimony tending to cast discredit upon the opinion already fixed." *Gammons* v. *State,* 85 Miss., 103, 37 South., 609; *Cook* v. *State,* 90 Miss., 137, 43 South., 618.

After what the juror stated on his *voir dire,* it was error for the court to force the juror upon appellant, and force him to exhaust his last peremptory challenge, in self protection, to get him off of the panel. *Nail* v. *State,* 70 Miss., 32, 11 South., 793; *Jeffries* v. *State,* 74 Miss., 675, 21 South., 526; *McGuire* v. *State,* 76 Miss., 504, 25 South., 495; *Klyce* v. *State,* 79 Miss., 658, 31 South., 339; *Fugate* v. *State, supra; Gammons* v. *State, supra.*

*R. N. Miller,* on the same side.

It is evident, from the *voir dire* examination of the juror, Dixon, that he was incompetent to pass upon the question of appellant's guilt or innocence. After stating that he had formed and expressed an opinion he further says that it would require *strong* evidence to *remove* such opinion. And, when interrogated by the court concerning his ability to put aside such opinion, he answered, "I *think* I could be governed by the evidence." See *Klyce* v. *State,* 79 Miss., 652, 31 South., 339.

In *Fugate* v. *State,* 82 Miss., 189, 33 South., 942, this court said "a juror who has an opinion about the case, and cannot say positively that he can try the case as though he had none, is disqualified. Inasmuch as the appellant, at the time Dixon was examined, had exhausted all of his peremptory challenges save one, it was manifestly unfair that this last challenge should be exhausted to prevent this man, Dixon, with his already expressed opinion of appellant's guilt or innocence, from wrongly taking his place on the panel. *Klyce* v. *State, supra; Dennis* v. *State,* 91 Miss., 221, 44 South., 825; *Cook* v. *State,* 90 Miss., 137, 43 South., 618.

*R. V. Fletcher,* attorney-general, for appellee.

The objection of appellant to the juror, Dixon, is that he had formed and expressed an opinion which it would take strong evidence to remove. He is shown to have stated, however, that he had formed this opinion from rumor, not from witnesses of the homicide. He distinctly alleged that he could discard the opinion, and would do so, and that he would decide the issue entirely on the law and the evidence; that he had no interest in the case, hence no bias nor prejudice.

This attitude of the juror is almost identical with that of the juror, Langston, referred to in the court's opinion in *Cook v. State,* 90 Miss., 137, 43 South., 619. Langston, according to the language of WHITFIELD, C. J., in his dissenting opinion in the case cited, had an opinion which it would take strong evidence to remove. Yet the action of the circuit judge in holding him competent was upheld by the majority of this court. It must be remembered, also, that the juror, Langston, in the case cited, had obtained his information from a former juror who had once tried the case, while in the case at bar the juror, Dixon, had formed his opinion merely from rumor.

The cases of *Cook v. State, supra,* and *Gammons v. State,* 85 Miss., 103, contain all necessary to be said on the subject.

Argued orally by *J. S. Perrin,* for appellant and by *R. V. Fletcher,* attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

In determining the competency of a juror to sit in a particular case, the whole of his testimony is to be looked to. If it appear that the juror has no bias nor prejudice in the case, and no desire to reach any result except that to which the evidence may conduct, he is a competent juror, even though he has an impression or opinion as to the guilt or innocence of the accused. This is made so expressly by Code 1906, § 2685 and by the very terms of the statute itself no fixed and invariable rule can be established by which, in all cases, the competency or in-

competency of a particular juror may be established. The statute confides the determination of this question in each case to the sound discretion of the court. In this case we think the court should have sustained the challenge to juror Dixon for cause, and not have required the defense to exhaust all his peremptory challenges in order to get rid of him. The examination of this juror, in the light of all his testimony, makes the case quite distinct from the *Cook case*, 90 Miss., 137, s. c., 43 South., 619. An examination of the whole testimony in the *Cook case* will disclose the fact that the testimony of the jurors in that case makes a very different case from this. In the *Cook case*, when the whole testimony was considered, and not mere excerpts from what the jurors stated, it was manifest that they were fair and impartial, and did not have any opinion about the case which would disqualify them as jurors. It so appeared, in the language of Code 1906, § 2685, "to the satisfaction of the trial court, and again to this court. All the authorities are reviewed in the *Cook case, supra;* and in *Sam* v. *State,* 13 Smed. & M. 189, it is held that: "Every case must depend in some degree upon its own peculiar facts. Circumstances may exist which render a departure from the rule necessary and unavoidable, which in a different state of case would be inflexibly adhered to." In the case of *Gammons* v. *State*, 85 Miss., 103, s. c., 37 South., 609, it is again said: "An examination of the former opinions of the court on this subject simply serves to demonstrate the futility of all effort to frame any definite rule to be followed in passing upon the competency of jurors. The only general proposition really deducible from these opinions is that the decisions in every instance must depend on the varying circumstances of the particular case." These cases above cited simply reaffirm the rule declared by the statute. In this case we do not think Dixon was a qualified juror. A comparison of his testimony with the full testimony given in the *Cook case* will readily show the distinction between the two.

We decide no other question in this case.

*Reversed and remanded.*