## RICHARD HOUSE v. STATE OF MISSISSIPPI.

### [51 South. 274.]

CRIMINAL LAW AND PROCEDURE.   *Unlawful sale of intoxicating liquors.*
   *Jury.   Competency.   Members of grand jury.*

   It is reversible error to empanel as a petit juror for the trial of a
   criminal case a member of the grand jury which found the in--
   dictment, defendant being without fault in the premises.

FROM the circuit court, first district, Panola county.

HON. WILLIAM A. ROANE, Judge.

House, appellant, was indicted and tried for and convicted of
unlawfully selling intoxicating liquors.   One of the petit jurors
who was empanneled to and did try him was a member of the·
grand jury which at a former term of the court preferred the in--
dictment.   On his *voir dire* examination he affirmed that he was
not on the grand jury which found the indictment.   The fact
that he was on the grand jury which preferred the indictment·
was unknown to the defendant, and his attorneys until after the
return of the verdict.   Defendant's motion for a new trial on
this ground was overruled, and he appealed to the supreme court..

*Shands & Montgomery,* for appellant.

The motion for a new trial should have been sustained be--
cause Childress, one of the petit jurors trying the case, was

part and parcel of the grand jury that indicted defendant.
True he did testify that he did not remember the case at all,
but that does not make him a qualified juror. This point was
settled early in the history of this honorable court in the case
of *Beason v. State,* 34 Miss. 602, in a case where the issue pre-
sented was not whether the bill returned by the grand jury
was a true bill or not, but whether one of the grand jurors who
found the indictment in that case was qualified as a grand
juror. The reasoning of Justice HANDY in that case is un-
answerable.

The trial court erroneously held that Code 1906, § 2685,
cured the error, but we submit that the statute has no applica-
tion. *Jeffries v. State,* 74 Miss. 675; *Shepprie v. State,* 79
Miss. 740.

*George Butler,* assistant attorney-general, for appellee.

It is said that the verdict should have been set aside because
Childress, a member of the jury was a member of the grand jury
which returned the indictment, and that defendant and his
counsel did not know of this fact at the time he was accepted
as a juror and Childress affirmed he was not a member of the
grand jury which returned the indictment, on his *voir dire* ex-
amination. The record shows that Childress was a member of
the grand jury. The attorneys for appellant testified on the
motion for a new trial that Childress was asked, along with
the other jurors, if he was a member of the grand jury which
returned the indictment, and answered that he was not. Chil-
dress testified, however, that according to his recollection no
such question was asked on his *voir dire* examination. How-
ever, this may be, it appears that Childress did not remember
having been a member of the grand jury, at the time he was
accepted on the trial jury, or at any time during the progress
of the trial, and only recalled it after verdict had been ren-
dered and his attention called to the matter. He further testi-

fied that at the time of the motion for a new trial he had ab-
solutely no independent recollection of this case having been
investigated by the grand jury of which he was a member and
the only way he knew he was a member of the grand jury was
because the record showed him to have been.　He further tes-
tified that he was not present during all of the sittings of the
grand jury, that he went home every night, and it is quite
likely, indeed, that this case was investigated, and the indict-
ment returned at a time when the juror was not present.　It
is perfectly manifest that the juror was not biased, prejudiced,
had no opinion as to the guilt or innocence of the accused, and
was a perfectly competent juror under the statutes of the
state.　The grand jury, at most, is a mere inquisitorial body,
and does not pass, or assume to pass, upon the guilt or innocence
of the parties brought before them for investigation; so that
unless it shall be made to appear that the juror was biased or
prejudiced, or had a preconceived opinion as to appellant's
guilt, or had designedly and fraudulently procured himself to
be empanneled as a trial juror, appellant is in no position to
successfully complain.

WHITFIELD, C. J., delivered the opinion of the court.

In this case a member of the grand jury which found the in-
dictment in this case sat upon the petit jury which tried the
appellant.　It was held in *Beason v. State,* 34 Miss. 604, that
this was fatal error.　　　　　　　　　*Reversed and remanded.*