## LANGSTON *v.* STATE.

[92 South. 554.   No. 22501.]

JURY. *Juror, who heard the facts in trial of joint defendant, not fair and impartial.*

Where several parties are jointly indicted but separately tried for the same charge, a jury or a number of jurors who tried one of the defendants is not a fair and impartial jury in the trial of another for the same offense, and, where the defendant challenged such jurors for cause, and his challenge is overruled, and he exhausts his peremptory challenges, a conviction will be reversed.

APPEAL from circuit court of Marion county.
HON. G. WOOD MAGEE, Special Judge.

Napoleon Langston was convicted of a violation of the Prohibitory Liquor Law, and he appeals. Reversed and remanded.

*Davis & Langston* and *J. B. Gross,* for appellant.

It will be noted that the defendant exhausted every peremptory challenge the law allowed him.

Mr. O. J. Foxworth stated on the witness stand on the trial of this case that his evidence was then about the same as it was in the cases of Ervin and Herbert Buckley, See page 49, of the transcript.

Exceptions were made to the ruling of the court on each and every challenge it overruled.

Some of these jurors stated that they had not heard Langston's side of it, but we contend and submit that even though they might have not known his defense, yet if they sit there with fixed opinions on their minds they should have been excused for cause.

The court no doubt had in mind section 2177 (Hemingway's Code section 2685) Code 1906, when making these rulings, but this section certainly does not contemplate that a juror who has already tried one case is competent to try another man under the same facts coming from the lips of the same witness. Some of these jurors had already tried Buckley, and we can imagine how embarrassing it would be to a jury to take the same facts from the same witnesses and return a verdict of guilty against one man and the verdict of not guilty against another. These men were frank with the court when they told it that their minds were made up and their opinions were fixed, some from what they had heard in the companion case, some from what they had heard from the witnesses themselves.

In the case of *Murphy* v. *State,* 92 Miss. 203, 45 So. 865, the juror Dixon stated he had an opinion which he had

expressed; that it would take evidence to remove this opinion; that he got this opinion from what he had heard and read; that he had not talked to any of the witnesses. That he could put this opinion aside.

He stated that he had no bias or prejudice neither one way or the other, yet the court held in that case that Dixon was incompetent to sit in that case.

See *Sheppric* v. *State,* 31 So. 416, 79 Miss. 740, in which the court says that a jury in a criminal case who before the trial heard all the facts of the case from an eyewitness whom he regarded truthful, whose statement he believed and on them he had formed a fixed opinion, is incompetent under the Constitution of 1890, section 30, securing a trial by an impartial jury and is not within this section.

In the case of *Klyce* v. *The State,* 79 Miss. 652, 31 So. 339, the court said that this section did not apply to the juror who stated on his *voir dire* that he had heard witnesses for the state talk about the case and believed what they told him, and that he had formed and expressed an opinion, which he still retained, though what he had heard would not prevent him from rendering a fair and impartial verdict; that such juror was incompetent under our constitution, guaranteeing the right of an impartial jury trial, and that a defendant who has exhausted all his peremptory challenges, is in a position to complain of such error. See also *Jeffries* v. *State,* 74 Miss. 675, 21 So. 526.

Our court said in *House* v. *State,* 96 Miss. 653 that a member of the grand jury who found the indictment is incompetent as a petit juror on the trial of the accused. If this is true then how is a juror competent to sit in a case where he has already heard the evidence and passed his judgment from the same witness and about the same transaction. See *McGuire* v. *State,* 76 Miss. 504; *Dennis* v. *State,* 91 Miss. 504.

We submit that almost every juror in this case was incompetent. This case is not like the case of *Howell* v. *The State,* 107 Miss. 568, however, in that case the juror, Kennedy, said he did not have a fixed opinion. The juror, Mr.

Eubanks, said that what he had heard outside he did not take as testimony.

In the case at bar some of the jurors stated that they had fixed opinions, which it would take evidence to remove, and while the court drew from them answers to these questions which might show that they could try the case on the evidence and disregard such fixed opinions, but if a man has a fixed opinion about a thing something must happen to unfix such an opinion, and it was not fair to this defendant to put him to trial with the burden upon him of proving his innocence.

*Frank Roberson*, attorney-general, for the state.

The only forceful objection that could be urged to any of the jurors, whose *voir dire* examination has been summarized above, is that some of them sat upon the jury which tried one or more of the three codefendants of Langston, and thereby learned the facts about the raid on the still where Langston was caught.   And this objection is without merit because of the provisions of section 2177, Hemingway's Code, which reads as follows:

"Opinion not to render incompetent in a criminal case, when.   Any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in any criminal case, notwithstanding the fact that he has an impression or an opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias or feeling or prejudice in the case, and no desire to reach any result in it, except that to which the evidence may conduct; but any juror shall be excluded if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error."

The mere fact that a juror has served on a jury which tried a codefendant does not disqualify him any more than he would be disqualified by what he heard from witnesses outside the courtroom provided in both cases he has

formed no fixed opinion and has no bias or feeling or prejudice, and is impartial. *Penn* v. *State,* 62 Miss. 450; *Mabry* v. *State,* 71 Miss. 716, 14 So. 267; *Green* v. *State,* 72 Miss. 522, 17 So. 381; *Howell* v. *State,* 107 Miss. 568, 65 So. 641.

But the court is also referred to *Klyce* v. *State,* 79 Miss. 652, 31 So. 339; *Sheppric* v. *State,* 79 Miss. 740, 31 So. 416, approved in *Jeffries* v. *State,* 74 Miss. 675, 21 So. 526; *Murphy* v. *State,* 92 Miss. 203, 45 So. 865; in connection with the *voir dire* examination of the jurors Alexander and Hood, all of whom actually served upon the jury which tried appellant.

In the Klyce case this court held that a venireman who testifies that he had talked to witnesses for the state and believes that they were telling the truth and has formed and expressed an opinion which he still retains, and which he supposes would require testimony to remove, is incompetent under the Constitution of 1890, section 26, although he further testifies that what he had heard would not prevent him from rendering a fair and impartial verdict. It is held that such a venireman was not within section 2685, Code of 1906.

In the Sheppric case this court held that a juror who had heard of the facts of the case from an eyewitness whom he regarded as truthful, and had formed a fixed opinion, was incompetent under the Constitution of 1890, section 26.

In the Murphy case this court held that an opinion formed from reading newspapers and talking with people which would take strong evidence to remove, renders a juror incompetent, though he states that he would be governed by the law and the evidence as presented.

ETHRIDGE, J., delivered the opinion of the court.

Napoleon Langston, Irvin Buckley, Hubert Buckley, and Percy Hudson were jointly indicted for feloniously distilling liquor commonly called "white lightning" and "moon-

shine." A severance was granted. The state first tried
and convicted one of the Buckleys. The facts in evidence
show that Langston, the two Buckleys, and Hudson were
all present on a certain night when the still was being op-
erated upon Langston's place, the proof showing that the
particular part of his place was being leased by the year
to another. The sheriff got a tip that whisky was being
manufactured on Langston's place and took some deputies
and proceeded to the premises to investitgate. They ar-
rived at night and found a still being operated by Hudson
and one of the Buckleys, the appellant sitting near under
a tree with a gun. The officers watched the process some
little·time and on one occasion Langston got up from
where he was sitting, walked near the still, looked at it for
a while and returned to his place under the tree. After
waiting a time, the sheriff called on Langston to throw
down his gun and surrender. Langston started to arise
and, while in the act of rising from his seat, was fired upon
by the deputy and wounded, whereupon he took flight and
was arrested at his home the following day.

In impaneling the jury, a number of jurors who sat in
the case of one of the Buckleys, jointly indicted, and ren-
dered a verdict in such case were called on the jury in the
present case and, in the examination on *voir dire,* stated
that they had an opinion, but also stated that they could
try the case on the evidence and render a fair and impartial
verdict on the evidence. They all testified that it would
take evidence to remove the opinion they had formed. They
were each challenged for cause, and the first challenge
overruled, and the defendant exercised his peremptory
challenges to the limit, but was compelled to go to trial with
some jurors who had sat upon the Buckley case, involving
the same facts and circumstances, with the difference only
that Buckley was actually engaged in the manufacture of
liquor, while Langston was merely on guard with a shot-
gun. Langston's testimony and that of one of the Buck-
leys tended to show that he did not know of the operation
of the still until the night in question, and that he went

over there for the purpose of investigating what the fire was about, and that, when he found the still, he objected to it and ordered it moved away from his place.

The principal assignment of error is as to accepting jurors over defendant's challenges for cause, who had heard the evidence in the Buckley case. Section 26 of the state Constitution guarantees every person a fair trial by an impartial jury, and a juror who has heard all the evidence from the witnesses does not constitute a fair and impartial juror, even though he testifies on his *voir dire* examination that he can discard his opinion, formed from hearing the evidence, and try the defendant fairly and impartially, notwithstanding· such opinion so formed. *Sheppric* v. *State,* 79 Miss. 740, 31 So. 416; *Murphy* v. *State,* 92 Miss. 203, 45 So. 865; *Klyce* v. *State,* 79 Miss. 652, 31 So. 339; *House* v. *State,* 96 Miss. 653, 51 So. 274; *Jeffries* v. *State,* 74 Miss. 675, 21 So. 526. It is difficult to see how the juror could ever form an opinion that would be lasting, if he had not formed it from hearing the evidence delivered from the witness stand in another case involving the same facts.

*Reversed and remanded.*