LADNER *v.* STATE.*

(Division B.   Nov. 7, 1927.   Rehearing Denied Nov. 21, 1927.)
[114 So. 341.   No. 26785.]

JURY. *Jury hearing testimony in liquor case could try similar case in which same witnesses testified regarding alleged liquor sales made same night (Hemingway's Code 1927, section 2331; Constitution 1890, section 26).*

Where jurors trying liquor case had heard testimony in similar case tried day before, and one juror had served on jury in previous case, and the two separate offenses were alleged to have been committed same night, and same witnesses testified in each case regarding liquor sales, but jurors, on their *voir dire* examination, under Hemingway's Code 1927, section 2331 (Code 1906, section 2685), qualified as being fair and impartial, de-

fendant had an impartial jury as contemplated by such section and Constitution 1890, section 26, since alleged offenses took place at different time and place and were not connected.

*Corpus Juris-Cyc. References: Juries, 35CJ, p. 325, n. 17, 18; p. 326, n. 19; p. 348, n. 65. On effect of service on jury in prosecution for selling intoxicating liquor as disqualification as juror in similar case, see annotation in 3 A. L. R. 1206; 3 R. C. L. Supp. 554; 6 R. C. L. Supp. 954.

Appeal from circuit court of Pearl River county.

Hon. J. Q. Langston, Judge.

J. J. Ladner was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*J. M. Morse* and *E. O. Sykes,* for appellant.

The material point to which we wish to direct the attention of the court is that John Legg was convicted the day before on the testimony of the same two eyewitnesses who testified against this defendant. The alleged purchase from both John Legg and Ladner took place on the same night, on the same expedition, by the same parties and within a very short time of each other. The defense of each one of these men was an *alibi.*

Defendant was compelled to accept on the jury some of the jurors who convicted John Legg. Also it is agreed on the motion for a new trial that the defendant exhausted all of his peremptory challenges and then the court overruled his challenge for cause to the jurors who were members of the John Legg jury. It is our contention that these jurors were incompetent because they had passed on the credibility of these two witnesses for the state in the case of John Legg. For this reason they were not fair and impartial jurors as contemplated by our constitution.

The credibility of the two witnesses in the Legg case was a question of fact to be decided by the jury. But once decided by them, necessarily the members of that

jury in order to be consistent had to believe them credible in the present case. It would have reflected on their verdict in the Legg case for them to have found Ladner not guilty. We think the reasoning in *Langston* v. *State,* 129 Miss. 398, is decisive.

Turning now to authorities from other states, we find that the overwhelming weight of authority elsewhere also sustains our contention. *Priestly* v. *State,* 19 Ariz. 371, 171 Pac. 137, 3 A. L. R. 1201.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

From the *voir dire* examination of the jurors who tried the case against Legg and who were called in the case against Ladner, which appears in the record, it appears that these jurors were fair, impartial, and had no opinion of the guilt or innocence of Ladner.

The only question raised by appellant in this case is whether or not a juror who had at the same term of the court tried a similar case proved by the witnesses against another defendant, would be disqualified to try the case against this defendant. The decisions of the courts of other states are hopelessly in conflict. The decisions holding that such jurors are disqualified are more numerous than those holding that they are qualified. But see *Fletcher* v. *Commonwealth,* 106 Va. 850, 56 S. E. 151; *Rose* v. *Commonwealth,* 106 Va. 850, 56 S. E. 151; *Irvine* v. *State,* 55 Tex. Cr. 347, 116 S. W. 591; *Bailey* v. *State,* 56 Tex. Cr. 226, 120 S. W. 419.

*Langston* v. *State,* 129 Miss. 398, cited by counsel for appellant, is not in point because in the Langston case four persons were jointly indicted for the commission of one offense. This court held that a juror who tried one defendant and found him guilty was disqualified from trying his co-defendant charged in the same indictment with the commission of the same offense.

We submit that according to the authorities herein cited the jurors who tried Ladner were competent and qualified and that the judgment of the trial court should be affirmed.

McGOWEN, J., delivered the opinion of the court.

The appellant, Ladner, was indicted, tried, and convicted, in the circuit court of Pearl River county, of the unlawful sale of intoxicating liquor, and sentenced to pay a fine of two hundred dollars and imprisonment in the county jail for ninety days, from which judgment of the court this appeal is prosecuted.

On the night of April 2, 1925, two witnesses, in company with Enoch Smith, went to certain people for the purpose of buying liquor, in order to report such matter to the sheriff and the grand jury. They first visited the home of John Legg, and, according to the statements of Herbert Smith and Morris Stockstill, the witnesses, whisky was bought by them from Legg. Legg's defense was an *alibi*, testified to by him, his wife, and other witnesses. During the same week of the April term of circuit court, Legg and Ladner were tried and convicted. On the same trip, and on the same night, the two witnesses visited the appellant, Ladner, and, according to their statements, bought whisky from him a short time after they had purchased liquor from Legg, but no connection is shown to have existed between the sale of the whisky by Ladner and Legg. They were separate and distinct offenses.

After Legg's conviction, and during the same week, the appellant was tried before the same regular juries which had either actually engaged in the trial of Legg or had been in the courtroom and heard the argument of counsel; one member of the Legg jury being on Ladner's jury. Ladner had exhausted his peremptory challenges.

The only assignment of error urged here by counsel for appellant is based on the refusal of the court to pass the case to another week in order that Ladner might be

tried before jurors who had not tried or heard the argument in the Legg case. The entire record in the Legg case was offered, and the jurors on their *voir dire* examination under the statute (section 2685, Code of 1906 [section 2331, Hemingway's 1927 Code]) were qualified as being fair and impartial.

Appellant's counsel states his point in the case as follows:

"The material point to which we wish to direct the attention of the court is, that John Legg was convicted the day before on the testimony of the same two eye-witnesses who had testified against this defendant; that the alleged purchase from both John Legg and Ladner took place on the same night, on the same expedition, by the same parties and within a very short time of each other; that the defense of each one of these men was an *alibi.*"

In support of his contention, that appellant was not tried by a fair and impartial jury, the case of *Langston* v. *State*, 129 Miss. 394, 92 So. 554, is cited, in which case Langston, Irvin Buckley, Hubert Buckley, and Percy Hudson were jointly indicted for feloniously distilling liquor; and, although jointly indicted, they were separately tried. Judge ETHRIDGE, as the organ of the court, said:

"The principal assignment of error is as to accepting jurors over defendant's challenges for cause, who had heard the evidence in the Buckley case. Section 26 of the state Constitution guarantees every person a fair trial by an impartial jury, and a juror who has heard all the evidence from the witnesses does not constitute a fair and impartial juror, even though he testifies on his *voir dire* examination that he can discard his opinion, formed from hearing the evidence, and try the defendant fairly and impartially, notwithstanding such opinion so formed. *Sheppric* v. *State,* 79 Miss. 740, 31 So. 416; *Murphy* v. *State,* 92 Miss. 203, 45 So. 865; *Klyce* v. *State,* 79 Miss. 652, 31 So. 339; *House* v. *State,* 96 Miss.

653, 51 So. 274; *Jeffries* v. *State,* 74 Miss. 675, 21 So. 526. It is difficult to see how the juror could ever form an opinion that would be lasting, if he had not formed it from hearing the evidence delivered from the witness stand in another case involving the same facts.''

We do not think there is any case in point from this court—at least no case has been called to our attention, and certainly the *Langston case, supra,* is not controlling here, for the reason that the witnesses had testified in the presence of the jurors to the same facts and relative to the same crime charged in the same indictment against a number of defendants separately on trial. While the indictment charged the same offense in the case at bar, it was a different crime, alleged to have been committed at a different time, a different place, by a different person, and no sort of connection between the two criminal acts, though the same witnesses were used to prove the essential elements of the crime. It might well be that a juror would believe the state's witnesses in one case, and, when another case was presented, might have a reasonable doubt of the defendant's guilt on his testimony, or the lack of testimony, or for any number of reasons. The credibility of the state's witnesses was passed upon in a given case and in a given statement of facts. It does not follow that when another and entirely different case is presented a juror or an entire panel is disqualified because they are biased or partial for that reason alone. The facts were necessarily different.

Counsel for defendant cites the case of *Priestly* v. *State,* 19 Ariz. 371, 171 P. 137, 3 A. L. R. 1201, which holds, in effect, that, where the witnesses are the same, although the defendant is tried under a different indictment for a different crime—that is, a crime committed at a different time and place, disconnected with the former crime —the jurors who tried or heard the testimony in the first case are disqualified to try another, where the same witnesses are used; and, in the notes to this case, we find the authorities collated, a number of which support ap-

pellant's view. But, in the same notes, we find the case of *Fletcher* v. *Com.,* 106 Va. 840, 56 S. E. 149, in which it is held that, under the same circumstances, error is not committed in trying a defendant where the members of the panel had, at the same term of court, tried as jurors similar cases proved by the same state witnesses who testified against the plaintiff in error. This case was approved by the Virginia court subsequently in the case of *Rose* v. *Commonwealth,* 106 Va. 850, 56 S. E. 151. We also find this statement in the notes to the Priestly case in 3 A. L. R. page 1206, section 2:

"*Prosecution Based on Different Sale.* a. Generally. Service as a juror in a prosecution for the unlawful sale of intoxicating liquor does not ordinarily disqualify a person from sitting as a juror on the trial of the same person for a similar offense, if the transaction on which the prosecution was based was different and distinct. *Com.* v. *Hill* (1862), 4 Allen (Mass.) 591; *Dew* v. *McDivitt* (1876), 31 Ohio St. 139," and citing a number of Texas cases.

We do not think, in the absence of a showing, on the *voir dire* examination, that a juror was biased or prejudiced, or partial to the extent of not rendering a fair and impartial judgment, the mere fact that some witnesses had testified in the jurors' presence as to another crime at a different time and place would of itself render the panel incompetent; the fairness and the impartiality of the jury would be determined by the *voir dire* examination of each juror as to the state of his mind, and not as to his opinion on a different case. Ladner had an impartial jury of the county as contemplated by section 26 of our Constitution, and in conformity with section 2331, Hemingway's Code of 1927.

*Affirmed.*